UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EDWARD N. NORWOOD,

Petitioner,

v.

RICHARD IVES, Warden,

Respondent.

Case No. 3:17-cv-00733-CL

FINDINGS AND
RECOMMENDATION

CLARKE, Magistrate Judge:

Petitioner, an inmate at the Federal Correctional Institution in Sheridan, Oregon, brings a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Bureau of Prisons (BOP) failed to give him sufficient credit for time served in presentence custody. For the reasons explained below, the petition should be denied.

## BACKGROUND

On April 17, 2014, Los Angeles Police Department officers arrested petitioner on firearms charges. *See* Johnson Decl. ¶ 5 & Att. 1 at 12. On December 17, 2014, a California state court sentenced petitioner to 32 months in prison on charges of felon in possession of a firearm. *Id.* ¶ 6 & Att. 1 at 12. Petitioner completed his sentence on October 30, 2015 after his sentence was credited for the time served presentence custody. *Id.* ¶ 8 & Att. 2.

1   - FINDINGS AND RECOMMENDATION

On February 26, 2015, while serving his state sentence, petitioner was transferred to the custody of the U.S. Marshals Service to face pending federal criminal charges. Johnson Decl. ¶¶ 7-8 & Atts. 1, 3-5.

Petitioner pleaded guilty to the federal charges and on June 6, 2016, petitioner was sentenced to 72 months' imprisonment. *Id.* ¶ 9 & Att. 1 at 5, Att. 6. The BOP calculated petitioner's term of incarceration based on a commencement date of June 6, 2016, a prison term of 72 months, and credit for the 219 days between October 30, 2015 and June 6, 2016. *Id.* ¶ 10 & Att. 7. Petitioner disputes BOP's calculation.

After exhausting his administrative remedies, on May 9, 2017, petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

## DISCUSSION

Petitioner maintains that he is entitled to credit for the 781 days he spent in custody between his arrest on April 17, 2014 and the imposition of his federal sentence on June 6, 2016. Alternatively, petitioner argues he is entitled to credit from the date of his transfer to federal custody on February 26, 2015 to the date of his federal sentencing. Petitioner is incorrect.

The governing statute provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). The statute makes clear that the BOP has no discretion to give credit for time spent in presentence custody if that time has been credited toward another

2 - FINDINGS AND RECOMMENDATION

sentence. *See United States v. Wilson*, 503 U.S. 329, 334 (1992) (noting that § 3585(b) "authorizes credit only for time that 'has not been credited against another sentence'"); *see also Lopez v. Terrell*, 654 F.3d 176, 184-85 (2d Cir. 2011) (where "the defendant's presentence custody has already 'been credited against another sentence' – namely, the defendant's state sentence – the agency is prohibited from crediting that time against his federal sentence").

It is undisputed that California prison officials credited the time petitioner spent in presentence state custody against his state sentence. *See* Pet'r Reply at 3 (ECF No. 16). Further, the BOP credited the time petitioner spent in presentence federal custody – between October 30, 2015 and June 6, 2016 – against his federal sentence. In other words, petitioner has been given credit for the entire time he spent in presentence custody between April 17, 2014 and June 6, 2016. Thus, under 18 U.S.C. § 3585(b), petitioner is not entitled to additional credit against his federal sentence.

Petitioner nevertheless argues that *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) entitles him to credit against his federal sentence for *all* days spent in presentence custody under a federal detainer. In *Willis*, the Fifth Circuit reiterated that a prisoner could be entitled to credit on a federal sentence if a federal detainer prevented the prisoner from posting bond, such that the time was "spent in custody in connection with the [federal] offense." *Id.* at 925 (per curiam) (citing 18 U.S.C. § 3568). Petitioner contends that a federal detainer was lodged against him after his arrest on April 17, 2014, and therefore he is entitled to credit "for all time he spent in custody under the federal hold." Pet'r Mem. at 4 (ECF No. 2).

However, *Willis* was issued before 18 U.S.C. § 3585(b) was enacted and it cannot override a prevailing statutory directive. *Elwell v. Fisher*, 716 F.3d 477, 485 (8th Cir. 2013) (recognizing the abrogation of *Willis* through the "express" statutory prohibition against "double

3 - FINDINGS AND RECOMMENDATION

crediting"); *Sanchez-Cortez v. Tews*, 2017 WL 1371284, at *3 (C.D. Cal. Feb. 8, 2017) ("The Fifth Circuit's decision in *Willis* was premised on 18 U.S.C. 3568... Congress has since repealed section 3568 and replaced it with section 3585(b) which, unlike its statutory predecessor, expressly prohibits counting prior custody credit twice.") (footnote omitted). Granted, the BOP may award *Willis* credit pursuant to agency policy; however, "[a] habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). Moreover, petitioner must be serving concurrent state and federal sentences to be eligible under BOP's policy, and he is not. *See* Johnson Decl. Att. 8 (BOP Program Statement 5880.28); *see Gardner v. Shartle*, 2017 WL 3276880, at *5 (D. Ariz. Aug. 1, 2017).

Alternatively, petitioner argues that he is entitled to credit from the time he transferred into federal custody on February 26, 2015 because the federal government assumed primary jurisdiction over him. Petitioner is mistaken. A state inmate's transfer to federal custody to face federal charges does not affect the state's primary jurisdiction. *Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.") (citation omitted); *see also United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005) ("If, while under the primary jurisdiction of one sovereign a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign.").

Consequently, petitioner's transfer to federal custody did not affect California's jurisdiction over him. Regardless, petitioner was actually serving his state sentence between February 26, 2015 and October 30, 2015, and that time cannot be credited against his federal sentence. Accordingly, petitioner is not entitled to habeas relief.

## CONCLUSION

Petitioner's Motion Pursuant to 28 U.S.C. § 2241 (ECF No. 1) should be DENIED and this case should be DISMISSED.

DATED this 4 day of September, 2017.

MARK D. CLARKE
United States Magistrate Judge